[Crim. No. 1831. Second Appellate District, Division One.—August 21, 1929.]

THE PEOPLE, Respondent, v. TONY NUICH, Appellant.

John Hyland and B. M. Marble for Appellant.

U. S. Webb, Attorney-General, and Alberta Belford for Respondent.

HAHN, J., *pro tem.*—By information filed by the district attorney of Los Angeles County the defendant Tony Nuich was charged with the "crime of Possession of Still, a Felony, committed as follows: That the said Tony Nuich on or about the 24th day of November, 1928, at and in the County of Los Angeles, State of California, did willfully, unlawfully and feloniously own, operate and cause to be operated, and knowingly have in his possession and control, a certain Still Worm, Still Cap, Still Condenser and Distilling Device, designed, used and intended to be used in the manufacture and production of intoxicating liquor for beverage purposes." The jury returned a verdict of guilty, as charged, and in due course the defendant was sentenced by the court to the penitentiary for the period prescribed by statute.

In his plea for a reversal of the judgment appellant urges that the court erred in rulings made in connection with the offer of certain testimony, and also urges that the verdict is contrary to the law and the evidence.

It is urged by appellant that in two instances the court erred in sustaining objections of the district attorney to the reading of what purported to be the testimony of a witness given in the preliminary examination. This testimony was offered for the purpose of impeachment and objected to by the district attorney. The court refused to permit the reading of the testimony on the ground that it was not upon a material matter, and, furthermore, that there was no proper foundation laid. There was no error in these

rulings. There was no proof offered even to show that the document from which counsel was reading was the transcript of the testimony in the preliminary examination of the defendant; nor was it proven or admitted that the witness had testified as it appeared from the transcript. It was stipulated by the district attorney that the defendant was a witness in the preliminary examination, but the necessary foundation was still lacking for the introduction of the alleged testimony.

■ In support of the contention that the verdict is contrary to the law and contrary to the evidence, it is urged that the information charged the defendant with having "possession and control of a certain still-worm, still-cap, still-condenser and distilling device, designed, used and intended to be used in the manufacture and production of intoxicating liquors for beverage purposes," while the evidence showed possession of a still. Defendant urges that these specific devices designated do not constitute a still. There is no merit in this contention, particularly in view of the fact that counsel for the defendant during the trial stipulated as follows: "We will stipulate the still is a complete still, fit for the production of alcoholic beverages containing more than one-half of one per cent, fit for beverage purposes." It was further stipulated by counsel for the defendant that the still had mash on the inside of it.

Several other points are raised as to the rulings of the court in connection with testimony offered. We have examined all of the alleged errors and find that the court's rulings were proper and not subject to legal criticism.

The judgment is affirmed.

Houser, Acting P. J., and York, J., concurred.